## Miller, et al. v. Brown, et al.

(Decided May 16, 1924.)

### Appeal from Allen Circuit Court.

Vendor and Purchaser—Subsequent Grantee of Portion Necessary Party to Foreclosure Action—Subsequent purchaser of portion of land conveyed was a necessary party to an action to foreclose lien reserved, since he was entitled to have remaining part of land first subjected to purchase money lien; the property being divisible, under Civil Code of Practice, section 694.

HARPER & DENTON for appellants.

OLIVER & DIXON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

On December 7, 1918, appellees conveyed to S. E. Hughes a tract of 232 acres of land. The consideration was $7,500.00, of which $3,000.00 was then paid, notes executed for the balance and a lien retained to secure them.

Hughes took possession of the land, and on the 28th of January, 1919, before any of the lien notes had become

due, or been paid, he entered into a written contract of sale with appellants, Miller and wife, whereby he agreed to convey to them 70 acres of the 232 acre tract. It was really an exchange of lands between Hughes and the Millers, and the latter at the time conveyed to Hughes the land so given in exchange for the 70 acres.

The Millers moved to the 70 acres and took possession and actually occupied the same during all the transactions hereinafter referred to.

The $4,500.00 purchase money lien was represented by four notes, the first three for $1,000.00 each, and the last for $1,500.00, and they were respectively made due January 1st, 1921, 1922, 1923 and 1924, the last one being the $1,500.00 note.

On the 14th of February, 1920, Hughes sold and conveyed to W. H. Roark the 162 remaining acres of the 232 acre tract in consideration of $8,000.00, of which $3,500.00 was then paid, and the remaining $4,500.00 which represented the lien debt due on the whole land, and which was then unpaid, was assumed by Roark.

In the deed from Hughes to Roark the 70 acres theretofore contracted to the Millers by Hughes is expressly excepted, and Hughes only retained a lien upon the 162 acres conveyed to Roark. In that deed Roark agreed to pay on or before the first of January, 1921, $2,500.00 of the consideration, and this $2,500.00 represented the first $1,000.00 note and the last $1,500.00 note held by Brown and his sisters under the conveyance made by them to Hughes.

Roark having failed on the first of January, 1921, to pay the $2,500.00, Brown and his sisters on the 6th of January brought their equitable action against Roark alone asserting their said lien notes for $2,500.00 and the unpaid interest on all four of the notes. They allege that the first and last notes executed by Hughes to plaintiff were, under the arrangement with Roark, due on the first of January, 1921, and seek an enforcement of the lien against the whole 232 acres, and filed with their petition a copy of the deed from Hughes to Roark, which deed shows on its face that Hughes had, before the conveyance to Roark of the 162 acres, contracted to sell to the Millers 70 acres of the 232 acres upon which plaintiffs sought to assert a lien, and yet neither of the Millers was made a party defendant, although the record discloses at the time they were actually living upon and occupying the

70 acres, and that the Browns knew Hughes had sold same to them.

Roark being the only defendant to the action, and having filed no answer, a judgment of foreclosure was entered upon the whole tract, including the 70 acres of the Millers.

The petition does not allege that the 232 acre tract is indivisible, nor is there any such affidavit filed, nor was there any commissioner's report in the record to that effect when the judgment was entered adjudging a sale of the whole tract. Not only is there no recital in the judgment that the land is indivisible, but one of the exhibits filed with the petition shows on its face that the 232 acres had in fact actually been divided into two tracts by reason of the sale to the Millers of the 70 acres by Hughes.

So that we have the sale of the Miller 70 acres adjudged to be sold as a part of a larger tract when the Millers were not parties to the action, and when there is no allegation or evidence of indivisibility.

Section 694 Civil Code provides:

> "Before ordering a sale of real property for the payment of debt, the court must be satisfied by the pleadings, by an agreement of the parties, by affidavits filed, or by a report of a commissioner or commissioners, whether or not the property can be divided without materially impairing its value."

The judgment of sale was entered in April, 1921, and was executed by the commissioner in July, 1921, when the plaintiffs in the action became the purchasers for the amount of their said debt, interest and costs. Thereafter at the September term of the court, and before the sale had been confirmed, the Millers filed exceptions to the sale in which they directed attention to the fact that they were not made parties to the action, and knew nothing of its pendency until after the judgment was entered, and specifically excepted to the sale because there was no allegation or evidence of the indivisibility of the 232 acre tract.

Before the filing, however, of these exceptions whereby the Millers made themselves parties to the foreclosure action of the Browns, they filed in August their equitable action against the Browns and Hughes seeking to set aside the judgment of sale in the first action, and to quiet their title to the 70 acres as against all of the parties.

In their petition the Millers, in addition to setting up in substance the facts which have been stated, allege that before the exchange between them and Hughes of their said tracts of land, the plaintiffs made inquiry of the Browns as to their lien on the 232 acre tract and were led to believe by them and their conduct that they would not expect to hold a lien against the 70 acres, and that a conveyance to them from Hughes would vest in them a good and fee simple title, and that relying upon the same they made the purchase from Hughes and conveyed to him their said tract of land in exchange for the 70 acres; and they rely upon an estoppel against the Browns to now assert a lien against the 70 acres.

They further allege that at the time of the conveyance by Hughes to Roark of the 162 acres, Roark assumed the payment of the lien notes against all of the land, and that at the time it was agreed by the Browns and the Millers not only that the Browns should look to Roark for the payment of their lien notes, but it was further agreed that the lien, so far as it embraced the 70 acres which Hughes had theretofore sold to the Millers, should be released; and they rely upon this likewise as an estoppel against the Browns.

By agreement the exceptions to the sale in the first action were not passed upon until the evidence was taken in the last named action, and the court upon a submission dismissed the plaintiffs' petition in the second action and overruled their exceptions in the first named action, and this appeal results.

Appellants have been deprived of their title to the 70 acres in an action to which they were not parties, and the evidence is entirely satisfactory not only that the Browns knew of the sale to appellants by Hughes, and that they were claiming the 70 acres, but they likewise knew appellants were actually living upon and claiming the land. Not only does every conception of fair dealing require that they should have been made parties to the foreclosure action, but it is difficult to understand how they may be deprived of title in any such action. Clearly, under the facts, they were entitled to have the 162 acres first subjected to the purchase money lien before their 70 acres might be so subjected; and if they had been parties they would have had an opportunity to ask the court to enter such a judgment, and might have taken such steps as would have at least partially protected them in their ownership of the 70 acres.

Not only so, it seems clear that when the plaintiffs' petition and the exhibits filed with it disclosed the fact that the 232 acre tract was divisible, and that these appellants had actually become interested in a part of the same by purchase from Hughes the court should not have entered a judgment for a sale of the whole tract, which would and did injuriously affect the interests of appellants.

We are of opinion, therefore, that the court should not only have sustained appellants' exceptions to the sale, but should have, as prayed for in their action, set aside the judgment.

It may be proper to say, however, that we are not convinced from the evidence that the Browns ever did in fact agree to release their lien on the 70 acres, except upon condition that Roark should pay th $2,500.00 on the first of January, 1921, which was not done.

On the return of the case the two actions should be consolidated, and all parties permitted to plead further.

The judgment is reversed with directions to set aside the sale and the judgment of sale, and for further proceedings consistent herewith.